UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA

        -v.-                                                  ORDER

JUAN ANTHONY NIEVES,                        16-CR-504 (CS)

                      Defendant.
------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant Juan Anthony Nieves's motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release." (Doc. 42.)[1]

      Defendant was sentenced principally to 72 months' imprisonment on his convictions for wire fraud and impersonating a federal officer. (Doc. 37.) He alleges, and the Government does not dispute, that: 1) he has served approximately 74% of his full term and approximately 85% of his net effective sentence if he receives good time credit; 2) his statutory release date is March 19, 2021; and 3) he will be eligible for release to home confinement on September 19, 2020. The Government states that the Bureau of Prisons ("BOP") has designated Defendant for a residential reentry center ("RRC") as of July 1, 2020.[2]

      Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18 U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not

---

    [1]When able to do so, defense counsel is directed to send to chambers for filing under seal an unredacted hard copy of Defendant's brief, and any exhibits that are not publicly filed,

    [2]The Court is not clear as to whether and to what extent BOP is in fact effecting transfers to RRCs, and such facilities present their own health risks.

be a danger to the safety of any other person or the community. Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of such a health condition is substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above. Defendant does not suggest he meets any of the first three categories, but argues that the risk the corona virus pandemic poses to one with his health conditions meets the fourth category.

Defendant is 52 years old. He suffers from coronary artery disease ("CAD") and has had a heart attack in the past. According to the Centers for Disease Control ("CDC"), this puts him at increased risk for a severe case should he contract COVID-19.[3] Defendant is housed at FCI Elkton, where the corona virus is raging, with 446 inmates testing positive, 153 recovered, 293 still infected, and 9 dying. I find, and the Government does not seem to dispute, that Defendant's medical condition, combined with his confinement at a facility where many inmates have become infected, constitutes an "extraordinary and compelling reason" within the meaning of 18 U.S.C. § 3582(c)(1)(A).

I must next consider the § 3553(a) factors. Defendant's offense was heinous. He impersonated a federal officer to defraud desperate immigrants. His crime impaired faith in government and exploited the vulnerable. He has committed similar crimes many times in the past – regularly for essentially his entire adult life. The instant case was his eleventh conviction,

---

[3] Defendant also suffers from other medical conditions that are not on the CDC list of risk factors.

his sixth felony and second federal conviction.  He has repeatedly committed crimes while under supervision.  While he has tutored in prison and taken classes, I do not believe for a minute that he has reformed or is remorseful.[4]  I have every expectation that he will do what he has always done and will revert to criminal activity once he is able to do so.

That said, his sentence is almost over anyway, and steps can be taken to reduce his ability to commit crimes during the time he enjoys a sentence reduction.  Given Defendant's health condition and the serious risk at FCI Elkton, I do not think that it would be unjust, undermine respect for the law, introduce unwarranted sentencing disparity, or otherwise undermine the purposes of sentencing to allow him to serve the remaining nine months of his 72-month sentence under home incarceration.  Further, I find that although Defendant would commit further crimes were he at liberty,[5] that risk can be mitigated with the additional period and conditions of supervised release I intend to impose.  On balance, the risks presented by his remaining incarcerated outweigh the § 3553(a) factors that would be served by requiring him to finish his sentence at FCI Elkton.

Accordingly, the motion is granted and the term of imprisonment is reduced to time served.  Defendant shall be released forthwith (with the proviso in item 2 below), on the following conditions:

1. The period between now and March 29, 2021 shall constitute an additonal period of

---

[4] He has numerous prison disciplines, mostly for refusing to work.

[5] I do not find that Defendant would endanger the safety of the community.  Although there are of course no guarantees, his track record suggests that the risk he presents is of further impersonation and fraud, not violence.

supervised release,[6] during which Defendant shall be subject to all conditions of supervised release in the Judgment, (Doc. 37) , plus the special condition of home incarceration, to be enforced by GPS Monitoring at the residence approved by the Probation Office.  Installation of GPS monitoring will take place after a 14-day quarantine period (described in item 2 below) has been completed. During the period of home incarceration, the defendant must remain at his approved residence except as necessary for medical treatment, which requires prior notice to and approval by the Probation Department unless it involves a true emergency.  Once this additional period of supervised release has been completed, Defendant will commence the originally imposed three-year term of supervised release on the conditions set forth in the Judgment.

2.	In light of the COVID-19 pandemic, Defendant upon release must self-quarantine within his approved residence for 14 days, distancing from any other occupants.  If any of those occupants object to Defendant's presence for the 14-day period, or if the Probation Office determines that self-quarantine at his approved residence for that period will endanger other occupants, Defendant shall be quarantined at a BOP facility and released once 14 days have elapsed without his being infected.

3.	The defendant is to possess or have access to a phone that will allow video conferencing by the Probation Department.  This special condition of probation shall remain in effect both during the additional period and the original period of supervised release, unless waived by Defendant's Probation Officer.

---

[6] 18 U.S.C. § 3582(c)(1)(A) permits the Court to not only reduce the term of imprisonment, but to "impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment."  Defendant acknowledges that the Court may impose an "additional term of supervised release, not to exceed March 19, 2021."  (Doc. 42 at 22.)

4. Defendant shall contact Supervisory U.S. Probation Office Kevin Mulcahy (646-210-4075) upon his release.[7]

The Court is aware of the irony that it is ordering compassionate release for a defendant who had no compassion for the many victims of this offense, and the many victims of whom he has taken advantage over the course of his life. Defendant is advised that the Court will regard it a serious violation of the trust the Court has placed in him if he fails to abide by any of the previously imposed conditions of supervised release or any of the additional conditions set forth above, and that it will not hesitate to return him to prison if his actions justify it.

Dated: June 8, 2020
      White Plains, New York

*Cathy Seibel*
_____
CATHY SEIBEL, U.S.D.J.

---

[7] I am imposing the first condition to impose just punishment and protect the public from further crimes by Defendant  The reason for the next condition is obvious. The third and fourth conditions are imposed to allow proper supervision by Probation.